# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**TROY S. JOHNSON**                                                                      **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:13-cv-499-MTP**

**PAUL SHARPE**, **ET AL.**                                                      **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment [37].  Having reviewed the submissions of the parties and the applicable law, the Court finds that the Motion [37] should be granted in part and denied in part.

## FACTUAL BACKGROUND

On October 23, 2012, Plaintiff Troy S. Johnson, proceeding *pro se* and *in forma pauperis,* filed his complaint pursuant to 42 U.S.C. § 1983.  In his complaint and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges a claim against Paul Sharpe for excessive force in violation of the Eighth Amendment and alleges claims against Ron King for failing to properly investigate the July 11, 2012, incident, and for failing to grant him any relief through the Administrative Remedy Program (ARP).  *See* Omnibus Order [32].  Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"), where he is currently incarcerated.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.  On October 1, 2012, Defendants Sharpe and King moved for summary judgment.

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

## STANDARD

This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this Court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

However, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations,"[2] the presence of a "scintilla of evidence,"[3] or unsubstantiated assertions,[4] are not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

---

[2] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990).

[3] *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

[4] *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994).

**ANALYSIS**

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

### *Paul Sharpe*

Plaintiff alleges a claim against Paul Sharpe for excessive force in violation of the Eighth Amendment. Specifically, Plaintiff claims that on July 11, 2012, Officer Sharpe, unprovoked, grabbed him by the throat and shoved him. As a result of the alleged assault, Plaintiff suffered scratches, swelling, and tenderness.

Officer Evans claims he is entitled to qualified immunity. Officer Evans is "entitled to

3

qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (citing *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007))

It was clearly established at the time of the incident at issue that inmates have a constitutional right to be free from the use of excessive force. *See Anthony v. Martinez*, 185 F. App'x 360, 363 (5th Cir. 2006); *Hudson v. McMillian*, 503 U.S. 1 (1992). However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal citations and quotations omitted). The "core judicial inquiry" when deciding whether an excessive force claim violates the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.

Some of the relevant objective factors in the inquiry of the application of excessive force include (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response. *Baldwin v. Stalder*, 137 F.3d 836, 838-39 (5th Cir. 1998) (internal citations omitted).

Based on Plaintiff's sworn allegations in his complaint, his sworn *Spears* testimony, and the evidence before the Court, Plaintiff has sufficiently raised genuine issues of material fact as to whether Officer Sharpe applied excessive force in violation of the Eighth Amendment and

whether his conduct was objectively unreasonable in light of the clearly established law at the time of the incident. *See Goffney v. Sauceda*, 340 Fed. App'x. 181, 184-85 (5th Cir. 2009) (holding that plaintiff raised a genuine issue of fact as to whether excessive force was used following his arrest, accordingly summary judgment and the related issue of qualified immunity were improper). Accordingly, the Court concludes that Officer Sharpe is not entitled to summary judgment or qualified immunity at this time.[5]

To the extent Plaintiff alleges a claim against Officer Sharpe in his official capacity, Plaintiff has failed to establish that SMCI had a policy, custom, or practice that was the "moving force" behind the alleged excessive force. *See Monell*, 436 U.S. at 694. Accordingly, Plaintiff's claim against Officer Sharpe in his official capacity, if any, should be dismissed.

### *Ron King*

Plaintiff's claim that Ron King failed to adequately investigate his grievance and grant him relief through the ARP fails to state a claim upon which relief may be granted. *See Dehghani v. Vogelgesang*, 226 Fed. App'x 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation); *see also Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, 2007 WL 2873042, at *21 (E.D. Tex.

---

[5] By concluding that genuine issues of material fact remain as to Plaintiff's excessive force claim against Officer Sharpe in his individual capacity, the court in no way determines that such claim will ultimately be meritorious or that, once the factual disputes are decided, qualified immunity cannot be invoked at a later date.

Sept. 28, 2007) (holding that inmates do not have a constitutional right to a grievance procedure, and have no due process liberty interest right to having grievances resolved to their satisfaction).

To the extent Plaintiff alleges claims against Ron King in his official capacity, Plaintiff has failed to establish that SMCI had a policy, custom or practice that was the "moving force" behind the alleged constitutional violations.  *See Monell*, 436 U.S. at 694.  Based on the foregoing, Plaintiff's claims against Ron King should be dismissed with prejudice.

IT IS, THEREFORE, ORDERED that:

1.   Defendants' Motion for Summary Judgment [37] is GRANTED in part and DENIED in part,

2.   Summary Judgment is GRANTED as to Defendant Ron King,

3.   Defendant Ron King is dismissed with prejudice,

4.   Summary Judgment is GRANTED in part and DENIED in part as to Defendant Paul Sharpe, and

5.   Defendant Paul Sharpe is dismissed with prejudice in his official capacity only.

SO ORDERED this the 14th day of March, 2014.

s/ Michael T. Parker
United States Magistrate Judge